# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

JEREMY KYLE MILLER,                )
                                   )
            Plaintiff,             )
                                   )
v.                                 )        Case No. CIV-26-00058-JD
                                   )
CHRIS AMASON, Cleveland County Sheriff,  )
                                   )
            Defendant.             )

## ORDER

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Amanda L. Maxfield on February 12, 2026. [Doc. No. 5]. Plaintiff filed this pro se action under 42 U.S.C. § 1983 on January 14, 2026. [Doc. No. 1]. Plaintiff filed his complaint using a Pro Se Prisoner Civil Rights Complaint form, which instructs that a pro se prisoner must either pay the fee of $405.00 or seek permission to proceed in forma pauperis. *Id.* at 1; *see also* LCvR3.2; LCvR3.3. Plaintiff did neither, so Judge Maxfield ordered him either to pay the filing fee or file a motion to proceed in forma pauperis by February 6, 2026, and warned him that failure to do so could result in the dismissal of this action. [Doc. No. 4]. Because Plaintiff did not comply with Judge Maxfield's order and the local rules, she recommends dismissing this action without prejudice to refiling. [Doc. No. 5 at 2].

Judge Maxfield advised Plaintiff of his right to object to the Report and Recommendation by March 5, 2026, and warned Plaintiff that failure to file a timely objection waives the right to appellate review of the factual and legal issues in the Report

and Recommendation. *Id.* at 3.

Plaintiff did not file an objection to the Report and Recommendation, and the record reflects that Plaintiff still has not paid the required filing fee or applied for leave to proceed in forma pauperis. Therefore, Plaintiff has waived any objection to the Report and Recommendation recommending dismissal. *See Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (holding that the plaintiffs "waived their right to appeal the magistrate's ruling" because they did not file any objections); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

Additionally, although the Court is not required to conduct a de novo review of the Report and Recommendation unless a party timely objects, *see* 28 U.S.C. § 636(b)(1), the Court has conducted such a review and concludes that dismissal without prejudice is appropriate for Plaintiff's failure to prosecute and failure to comply with the Court's local rules and orders, including Judge Maxfield's order to cure deficiencies. *See* Fed. R. Civ. P. 41(b); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). "The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net,*

2

*Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

For all these reasons, the Court ACCEPTS the Report and Recommendation [Doc. No. 5] and DISMISSES this action WITHOUT PREJUDICE. A separate judgment will follow.

IT IS SO ORDERED this 12th day of March 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3